**EXHIBIT A**

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

Court File No.: _____

Julie Stulz,

        Plaintiff,

v.                                                        **SUMMONS**

HealthPartners, Inc. d/b/a Regions
Hospital,

        Defendant.

---

THIS SUMMONS IS DIRECTED TO DEFENDANT HEALTHPARTNERS, INC. d/b/a
REGIONS HOSPITAL

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

HALUNEN & ASSOCIATES
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
612-605-4098

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer with 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to context the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated this 27th day of December, 2011.     HALUNEN & ASSOCIATES

Clayton D. Halunen, # 219721
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612.605.4098
Facsimile: 612.605.4099

*ATTORNEY FOR PLAINTIFF*

2

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Julie Stulz,<br><br>          Plaintiff,<br><br>v.<br><br>HealthPartners, Inc. d/b/a<br>Regions Hospital,<br><br>          Defendant. | Court File No.  02-CV-11-7728<br>Case Type: 7 – Employment<br><br>**COMPLAINT AND<br>JURY DEMAND** |

The Plaintiff, Julie Stulz, for her Complaint against Defendant, HealthPartners, Inc. d/b/a Regions Hospital, states and alleges as follows:

## PARTIES

1.  Plaintiff Julie Stulz, is a resident of the County of Hennepin, State of Minnesota.

2.  Defendant HealthPartners is a corporation with its principal place of business located in the County of Hennepin, State of Minnesota.

## JURISDICTION AND VENUE

3.  The jurisdiction of this Court is invoked as the violations occurred in the State of Minnesota and involve violations of state and federal law.

4.  Venue is appropriate because Defendant transacts a substantial amount of business in the State of Minnesota and the facts giving rise to this action occurred in the State of Minnesota.

## FACTS

5.  Plaintiff began her employment with Defendant as a Nursing Assistant in 1989. Plaintiff continued her education and obtained a nursing degree and was promoted to a Registered Nurse ("RN") position.  Plaintiff left Defendant's employ in 1998 to pursue other

interests. She returned to Defendant in June 2007 and began working in the Pysch Unit at Regions Hospital until her termination on June 2, 2011. She was 58 years of age at the time of her termination.

6.     In 2009, Plaintiff was diagnosed with degenerative arthritis and bone spurs in her shoulders. This required Plaintiff to take time off for treatment, surgery and recuperation. Plaintiff's physician imposed work restrictions on Plaintiff limiting her basic life activities including, but not limited to: lifting, reaching and stretching. Plaintiff apprised Defendant of her work restrictions. Plaintiff's condition constituted a disability under the Minnesota Human Rights Act ("MHRA").

7.     On February 15, 2011 Plaintiff sought medical treatment for severe pain she was having in her left shoulder. She was diagnosed with a severe tear in her left rotator cuff. Plaintiff's physician recommended that Plaintiff schedule surgery immediately to repair the damage. Surgery was scheduled for February 24, 2011.

8.     Plaintiff immediately gave notice to her supervisor who directed her to staffing to fill out the appropriate paperwork for Family and Medical Leave Act ("FMLA") leave. Plaintiff followed her supervisor's directions and filed the necessary paperwork.

9.     On February 21, 2011 Plaintiff's supervisor told her that she would need to postpone her surgery because the Psych Unit would be short staffed. Plaintiff indicated that it was not a possibility to postpone her surgery. Plaintiff's supervisor asked Plaintiff if she was in pain. Plaintiff responded that she had been in pain for two years.

10.     Plaintiff then met with Defendant's Director of Nursing, Wendy Waddell ("Waddell"), to complain that she felt threatened by her supervisor as a result of being told to

reschedule the necessary surgery. Waddell said she would look into the situation. However, she never got back to Plaintiff.

11.     Plaintiff exercised her right to take twelve weeks of medical leave pursuant to the FMLA. She took the leave with the understanding that her job had to be reserved and kept for her upon return.

12.     During the course of her FMLA leave, Plaintiff kept the company abreast of her rehabilitation and return to work plans. Plaintiff was apprised that she could not return to work unless she could lift fifty pounds without accommodation.

13.     As a result of Defendant's "no work restriction" policy, Plaintiff's physician advised Plaintiff that she should take an additional four to six weeks off to recuperate so that she could return to work without any lifting restrictions.

14.     On May 23, 2011, Plaintiff notified her supervisor that she would require an additional four to six weeks off if she could not return with a lifting restriction.

15.     On May 27, 2011, Plaintiff spoke with the Case Manager assigned to her by Defendant and was told that her FMLA leave was exhausted and that Defendant did not need to hold her job open.

16.     Plaintiff objected to this assertion. She stated that under the law, Defendant could not refuse to return her to her former position and that she would have returned after she exhausted her leave if she knew Defendant did not intend to hold her job.

17.     During the course of Plaintiff's leave she was replaced by a male nurse who was over thirty years her junior. He was promised Plaintiff's work hours even after Plaintiff's expected return date.

3

18.     On May 31, 2011 Plaintiff's supervisor notified Plaintiff of a "Return to Work" meeting that she needed to attend on June 2, 2011.

19.     Plaintiff attended the June 2, 2011 meeting and was apprised that rather than returning to work she was terminated.  She was told by her supervisor that she was "$8,000.00 over budget and I can't have that" so she decided that Plaintiff's position would be eliminated. Plaintiff was handed a bag of her belongings and asked to leave the premises.

20.     As Plaintiff was leaving the building she ran into Waddell in a hallway.  Plaintiff apprised Waddell that she had just been fired.  Waddell stated that she should let her know when she would be ready to come back to work without restriction.  Plaintiff responded "So, you'd hire me back Wendy."  Waddell replied "Ya, its just an FMLA thing."

21.     Plaintiff was replaced by a significantly younger male employee who, upon information and belief, had not sought FMLA leave from Defendant, was not disabled, had not complained about illegal conduct and had not sought a reasonable accommodation.

22.     As a result of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer from distress, humiliation and embarrassment, loss of reputation, loss of enjoyment of life, lost income, has incurred attorney's fees and expenses and other serious damages.

## CLAIMS

### COUNT I
### REPRISAL DISCRIMINATION IN VIOLATION OF
### THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

23.     Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et. seq.*  These

4

practices include, but are not limited to, retaliating against Plaintiff for raising complaints of differential treatment as a result of her disability.

24.     Defendant failed to take all reasonable steps to prevent the discrimination based upon Plaintiff's complaints of differential treatment from occurring.

25.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of this retaliation.

26.     The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

27.     As a result of Defendant's illegal actions, Plaintiff has suffered from distress, humiliation and embarrassment, loss of reputation, loss of enjoyment of life, lost income, has incurred attorney's fees and expenses and other serious damages.

COUNT II
FAILURE TO PROVIDE A REASONABLE ACCOMIDATION
IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

28.     Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et. seq.* These practices include, but are not limited to, Defendant's failure to provide a reasonable accommodation to Plaintiff because of her disability, because Plaintiff was perceived as having a disability, and because Plaintiff had a record of having a disability.

5

29.     Defendant failed to take all reasonable steps to reasonably accommodate Plaintiff's disabilities. Further, they failed to engage in any interactive process, evidencing bad faith.

30.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her disability.

31.     The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

32.     As a result of Defendant's illegal actions, Plaintiff has suffered from distress, humiliation and embarrassment, loss of reputation, loss of enjoyment of life, lost income, has incurred attorney's fees and expenses and other serious damages.

**COUNT III**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE MINNESOTA HUMAN RIGHTS ACT**

Plaintiff re-alleges each and every paragraph of this Complaint.

33.     Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et. seq.* These practices include, but are not limited to, terminating Plaintiff because of her disability.

34.     Defendant failed to take all reasonable steps to prevent the discrimination based upon Plaintiff's disability from occurring.

6

35.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her disability.

36.    The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

37.    As a result of Defendant's illegal actions, Plaintiff has suffered from distress, humiliation and embarrassment, loss of reputation, loss of enjoyment of life, lost income, has incurred attorney's fees and expenses and other serious damages.

COUNT IV
VIOLATIONS OF
THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

38.    Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et. seq.*   These practices include, but are not limited to, altering the terms and conditions of Plaintiff's employment, denying her FMLA leave, interfering with her FMLA leave, and harassing Plaintiff because she asserted her rights under the FMLA.

39.    Plaintiff was retaliated against in the terms, conditions and privileges of her employment after she exercised her rights under the FMLA.

40.    The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because she exercised her rights under the FMLA.

7

41.     The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

42.     As a result of Defendant's illegal actions, Plaintiff has suffered from distress, humiliation and embarrassment, loss of reputation, loss of enjoyment of life, lost income, has incurred attorney's fees and expenses and other serious damages.

## COUNT V
### AGE DISCRIMINATION IN VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff re-alleges each and every paragraph of this Complaint.

34.     Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et. seq.* These practices include, but are not limited to, Defendant's discharge of Plaintiff from her employment but retaining younger employees with less experience and lesser skills and replacing her with a less qualified, less experienced individual significantly younger than Plaintiff.

35.     Defendant's policies, procedures and customs adversely impacted Plaintiff because of her age.

36.     The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her age.

37.     The unlawful employment practices complained of above were intentional and were performed by Defendant with malice or with reckless indifference to anti-discrimination laws, which protect the Plaintiff.

38.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered, and continues to suffer emotional distress, humiliation, embarrassment, pain and suffering, loss of wages and benefits and other serious damages.

**WHEREFORE,** Plaintiff respectfully prays:

a.      That the practices of Defendant complained of herein be adjudged decreed, and declared to be violations of the rights secured to Plaintiff by the Family Medical Leave Act and the Minnesota Human Rights Act.

b.      That Defendant be required to make Plaintiff whole for their adverse, discriminatory and retaliatory actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

c.      That Plaintiff be awarded front pay and monetary value of any employment benefits she would have been entitled to in her position with Defendant.

d.      That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

e.      That Plaintiff be awarded compensatory damages in an amount to be established at trial.

f.      That Plaintiff be awarded punitive damages, as permitted by statute.

g.      That Plaintiff be awarded treble damages as permitted by statute.

h.      That the Court award Plaintiff her attorney's fees, costs, and disbursements pursuant to state and federal law.

i.      That the Court grant such other and further relief as it deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE JURY IS AVAILABLE.

Dated this 27th of December, 2011.           HALUNEN & ASSOCIATES

Clayton D. Halunen, #219721
1650 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  612.605.4098
Facsimile:  612.605.4099

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.21 to the party against whom the allegations in this pleading are asserted.

Dated this 27rd day of December, 2011.           HALUNEN & ASSOCIATES

Clayton D. Halunen